FILED: 9/13/2021 11:04 AM
David Trantham
Denton County District Clerk
By: Jennifer Jones, Deputy

21-7881-211
Cause No. _____

| | | |
|---|---|---|
| Ellen Fleming-Hughes | § | In the _____ Judicial |
| | § | |
| V. | § | District Court of |
| | § | |
| Mutual of Omaha Insurance Company | § | Denton County, Texas |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Ellen Fleming-Hughes** (915/282) (hereinafter Plaintiff) complaining of and about **Mutual of Omaha Insurance Company** (hereinafter Defendant) and for cause of action shows unto the Court the following:

### JURISDICTION and VENUE

1. The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

2. Discovery should be conducted under Level 190.2.

3. Pursuant to Texas Civil Practice & Remedies Code §15.032, venue in Denton County is proper in this cause in that it is where the insured resides.

### SERVICE

4. Defendant **Mutual of Omaha Insurance Company** is an insurance company, doing business in the State of Texas. Said Defendant can be served through its attorney for service:

**Corporation Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701-3218**

### AGENCY AND VICARIOUS LIABILITY

5. Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

### WRITTEN NOTICE GIVEN

6. Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

7.  Notice letter was issued August 4, 2020, and this lawsuit is being filed after the expiration of 60 days.

## FACTS

8.  David C. Fleming-Hughes (David) had a policy of accidental death life insurance with Defendant, policy number 420152-95.

9.  On November 20, 2020, David suffered a fall, hitting his head, that caused him to be taken to the hospital for examination of the injury and David was admitted on that date.

10. David was diagnosed on November 25, 2020, with a chronic subdural hematoma. It's a collection of blood usually associated with a traumatic brain injury. Blood gathers between the inner layer of the dura mater and the arachnoid mater of the meninges surrounding the brain. This type of injury results from tears in bridging veins that cross the subdural space.

11. Plaintiff made a timely claim for accidental death benefits and cooperated with Defendant's investigation of the claim.

12. In a letter dated June 2, 2021, Defendant denied Plaintiff's claim benefits based on Defendant's assertion that David's death was the result of "cirrhosis, hypertension, Diabetes Mellitus, Coronary Artery Disease, Atrial fibrillation, End stage liver disease and Hepatic encephalopathy.

13. Defendant also asserts that David had been consulted for hospice care if David did not have a liver transplant.

14. Defendant asserts, "The fall claim did not play any part on his death."

15. According to Defendant, a CT scan on November 25, 2020, "... was not considered acute ...."

16. Defendant's denial fails to take into account that had the fall of 1/20/2020, not occurred David would not have been in the hospital or needed the resulting procedures which caused him to code, and thus needing CPR which failed.

17. The claim should have been properly paid within five business days of that date or no later than June 9, 2020.

18. Instead, this claim was denied on June 2, 2021.

19. Due to the conduct of Defendant, Plaintiff has suffered pain and mental anguish resulting in emotional pain, torment, and suffering, exhibited by headaches, upset stomach, an inability to sleep well, and an inability to concentrate and carry own with daily activities.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

20. Plaintiff incorporates herein all the FACTS as set forth above.

21.     Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

   a) <u>TIC § 541.060(a)(1):</u>     Defendant violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage because the death was not the result of an accident, rather it was the result of a host of other reasons.

   b) <u>TIC § 541.060(a)(2)(A):</u>     Defendant violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research would show that David's fall of 11/20/2020, and the resulting brain bleed was the cause of David's death.

   c) <u>TIC § 541.060(a)(7):</u>     Defendant violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show that David's death was the result of a fall and the resulting brain bleed.

**BREACH OF CONTRACT**

22.     Plaintiff incorporates herein all the FACTS as set forth above.

23.     Defendant's conduct in this matter appears to be in Breach of Contract.

24.     There is a valid, enforceable contract of insurance between David and Defendant with Plaintiff being the intended beneficiary.

25.     Plaintiff is a proper party to bring this lawsuit against Defendant.

26.     Plaintiff has performed under the contract by paying premiums and cooperating with the investigation and supplying necessary information.

27.     Defendant breached the contract by not providing benefits.

28.     The breach of the contract has caused injury to Plaintiff.

**PROMPT PAYMENT OF CLAIMS ACT**

29.     Plaintiff incorporates herein all the FACTS as set forth above.

30.     Defendant had all the information needed to pay Plaintiff's claim on or before from June 9, 2020. As a result, this claim should have been accepted and paid by from June 9, 2020.

31.     Defendant is liable as penalty at an interest of 18% a year on the policy benefits plus attorneys' fees.

**DAMAGES**

32.  Plaintiff incorporates herein all the FACTS as set forth above.

33.  Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

  a) $100,000.00    - Policy Damages

  b) Exemplary damages due to the knowing and intentional conduct on Defendant's part.

  c) Mental anguish damages resulting from Defendant's conduct.

  d) $????.??    - Penalty at 18% on actual damages, from June 9, 2020 until paid.

**USE OF DOCUMENTS**

34.  NOTICE pursuant to Rule §196, you are hereby given Notice that all documents produced by you in response to this Request for Production may be used at the trial of this cause pursuant to Rule 196, Texas Rules of Civil Procedure.

35.  Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that Plaintiff intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.

**ATTORNEY'S FEES**

36.  Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT INTEREST**

37.  As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that Plaintiff is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**POST JUDGMENT INTEREST**

38.  As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that Plaintiff is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

## COSTS OF SUIT

39. In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

40. Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.

## REQUEST FOR JURY TRIAL

41. Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.

## PRAYER

42. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on September 13, 2021.

Respectfully submitted,

/s/   Mark S. Humphreys
Mark S. Humphreys  - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722     *        Fax.  (972) 237-1690
Email:  texaslaw94@yahoo.com
**Attorney For Plaintiff**